UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARRYL HOLLAND,

                Plaintiff,

        v.

GLENN S. GOORD, et al.,

                Defendants.
_____

REPORT & RECOMMENDATION

05-CV-6295CJS

**PRELIMINARY STATEMENT**

By order dated November 19, 2007, the above-captioned case was referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Docket # 28).

Plaintiff Darryl Holland ("Holland") has brought this lawsuit under 42 U.S.C. § 1983 alleging that the defendants unlawfully refused to allow him to practice his religion while he was incarcerated at Wende Correctional Facility ("Wende"). Specifically, Holland's Second Amended Complaint alleges the following. On November 20, 2003, defendant John Barbera ("Barbera"), a correctional officer at Wende, ordered Holland to submit to a urinalysis test. (Docket # 44 at ¶ 22). Holland, a practicing Muslim, was unable to produce a urine specimen because he was fasting in observance of Ramadan. He informed Barbera that he was fasting for Ramadan, could not produce a sample and would not be able to drink water until sundown. (*Id.* at ¶¶ 23-26). Barbera refused to wait until sundown and issued Holland a misbehavior report, which resulted in the decision by various of the defendants to place him in keeplock status. He

remained in keeplock status for seventy-seven days, during which he was unable to attend Muslim services or work in the dining hall and became depressed. (*Id.* at ¶¶ 30, 47, 49).

Currently pending before this Court for report and recommendation is defendants' motion to amend their answer to assert an affirmative defense based upon the statute of limitations. (Docket # 63). For the reasons set forth below, I recommend that defendants' motion be denied.

## FACTUAL BACKGROUND

Holland initially filed this action on June 9, 2005. (Docket # 1). Following the denial of two motions to dismiss the complaint (Docket ## 14, 20), United States District Judge Charles J. Siragusa appointed counsel to represent Holland on December 13, 2007. (Docket # 30). On June 6, 2008, Holland's counsel timely moved to amend the *pro se* complaint.[1] (Docket # 37).

Holland's motion sought to add three new defendants and two new claims, one under the Religious Land Use and Institutionalized Persons Act and one under the First Amendment. (Docket # 44 at ¶¶ 13, 17, 18, 59, 71). Defendants opposed the motion to amend the complaint on several grounds, but not on the basis that the limitations period had expired. (Docket # 40 at 3-5). This Court granted the motion to amend after oral argument (Docket # 42), and Holland's second amended complaint was filed on July 21, 2008 (Docket # 44).

---

[1] By letter order, this Court set a May 30, 2008 deadline for filing motions to amend the pleadings. (Docket # 35).

On September 11, 2008, defendants filed an answer to the second amended complaint, but did not assert a statute of limitations affirmative defense. (Docket # 49). Thereafter, the parties engaged in substantial discovery, including depositions. (Docket # 66 at ¶¶ 22-24). On February 2, 2010, a new attorney appeared for defendants. (Docket # 60). On February 25, 2010, defendants' new counsel filed the instant motion seeking leave to assert the statute of limitations as an affirmative defense, explaining that prior counsel "did not recognize the need for this defense." (Docket # 62 at 2).

Holland opposes the motion on the grounds that defendants have not shown good cause for the delay in moving to amend and that he would be prejudiced if the amendment were permitted at this late stage of the litigation. (Docket # 67-1 at 2). Holland also contends that defendants have waived the defense and that, in any event, the amendment would be futile because the purportedly barred claims "relate back" to the original complaint that was filed before the expiration of the limitations period. (*Id.*).

## DISCUSSION

I turn first to the question whether defendants have shown good cause to amend their answer after the court-ordered deadline for amending the pleadings. In deciding such a motion, a court must balance the requirements of Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000). Under Rule 15, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, under Rule 15, if the underlying facts or circumstances relied upon by a party seeking leave to amend may be a proper subject of relief, that party should be afforded

3

the opportunity to test the claim on its merits. *United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank and Trust Co. of* Chicago, 889 F.2d 1248, 1254 (2d Cir. 1989) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. at 182.

Rule 16(b) directs the court to enter a scheduling order that limits the time to amend the pleadings. Fed. R. Civ. P. 16(b)(1) and (3). Moreover, the rule also provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d at 340.

In *Parker*, the Second Circuit addressed the showing required of a party moving to amend its pleadings after the time set by the court for filing such motions. 204 F.3d at 340. In that case, the court joined several other circuits in holding that "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Id.* (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (*per curiam*) (considering Rule 15(a) without regard to Rule 16(b) would render scheduling orders meaningless); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999) (court may require showing of good cause for motion to amend filed after deadline set forth in scheduling order), *cert. denied*, 529 U.S. 1038 (2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (Rule 16 was drafted to provide court with control over its docket and to prevent disruption, and thus denying leave to

amend for lack of good cause shown is not abuse of discretion); *Riofrio Anda v. Ralston Purina, Co.*, 959 F.2d 1149, 1154-55 (1st Cir. 1992) (finding that it was not an abuse of discretion to deny leave to amend pursuant to Rule 16, despite lenient standards of Rule 15)).

According to the Second Circuit, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker*, 204 F.3d at 340. "Good cause," the court reasoned, "depends on the diligence of the moving party." *Id.* Accord *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (court's primary consideration in determining whether a movant has established good cause is "whether the moving party can demonstrate diligence"); *Lowry v. Eastman Kodak Co.*, 14 F. App'x 27, 30 (2d Cir. 2001) (same); *Carnrite v. Granada Hosp. Group, Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997) ("'[g]ood cause' means that scheduling deadlines cannot be met despite a party's diligence").

A delay attributed to a change in counsel does not constitute good cause because new counsel is "bound by the actions of their predecessor." *Glover v. Jones*, 2006 WL 3207506, *4 (W.D.N.Y. 2006), *reconsidered on other grounds*, 2007 WL 87623 (W.D.N.Y. 2007). Nor does a mistake or oversight by counsel excuse the delay. *Davidowitz v. Patridge*, 2010 WL 1779279, *4 (S.D.N.Y. 2010) (oversight by prior counsel was not an excuse for delay; "litigants are generally 'bound by the professional conduct of the attorneys they choose to represent them'") (quoting *Mast Indus., Inc. v. Mann*, 1991 WL 12359, *1 (S.D.N.Y. 1991)); *Michael Grecco Photography, Inc. v. Everett Collection, Inc.*, 2008 WL 4580024, *2 (S.D.N.Y. 2008).

5

In determining whether to grant a motion to amend, the Court must weigh the good cause shown for the delay against the prejudice to the non-movant that will result from the amendment. *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46-47 (2d Cir. 1983). Considerations of prejudice include whether the new claim would: (1) require significant additional discovery, (2) significantly delay the resolution of the dispute, or (3) prevent the non-moving party from bringing a timely action in another jurisdiction. *Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993). "However, the absence of prejudice to a nonmoving party does not alone fulfill the good cause requirement of Rule 16(b)." *Woodworth v. Erie Ins. Co.*, 2009 WL 3671930, *3 (W.D.N.Y. 2009) (citing *Estate of Radcliffe v. Pradera Realty Co.*, 2007 WL 3084977, *1 (S.D.N.Y. 2007)) (emphasis omitted).

Here, defendants filed their motion to amend over twenty months after the Court's deadline for filing such motions and over seventeen months after filing their answer to the second amended complaint. Defendants' only explanation for this delay is the apparent failure of their predecessor counsel to recognize the applicability of the defense. (Docket # 62 at 2). They do not maintain, for example, that they were unaware of the facts underlying the defense until after the motion deadline had passed. While this Court appreciates counsel's candor and finds no dilatory or strategic motive underlying the delay, the explanation nonetheless fails to satisfy the "good cause" requirement. "To hold otherwise would allow a party to manufacture 'good cause' at any time simply by switching counsel." *Glover v. Jones*, 2006 WL 3207506 at *4. Indeed, in this case, despite their opposition to plaintiff's motion to amend his complaint, defendants never raised the issue of statute of limitations at that time. Since then, discovery has not only

6

proceeded, but has been completed, and dispositive motions are now pending. (Docket ## 70, 78).

Holland maintains that he will be prejudiced if defendants are permitted to amend their answer because he will need to conduct further discovery on the proposed limitations defense. Specifically, Holland asserts that the amendment would force him to reassess his "discovery strategy, and likely lead to significant additional discovery expenditures for plaintiff," including the cost of redeposing several defendants. (Docket # 67 at 6).

Regardless of the amount of discovery, if any, that would be warranted by the proposed amendment, I find that defendants have not acted with the requisite diligence or demonstrated good cause to justify granting the amendment. *See Woodworth v. Erie Ins. Co.*, 2009 WL 3671930 at *3. The Court thus need not reach the questions of whether defendants have waived the affirmative defense or whether the amendment would be futile under the "relation back" doctrine. Accordingly, I recommend denial of defendants' motion to amend their answer.

## **CONCLUSION**

For the reasons stated above, I recommend that the district court deny defendants' motion to amend their answer to assert an affirmative defense based upon statute of limitations (**Docket # 63**).

                                                      *s/Marian W. Payson*
                                                     MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
        August  17 , 2010

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                      MARIAN W. PAYSON
                                                United States Magistrate Judge

Dated: Rochester, New York
       August __17__, 2010